IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JOHN HAYES,

      Plaintiff,

vs.                                                                                            No. CIV 07-0064 RB/RHS

JOSEPH RAY BLANCO, JOHN ALLEN,
TAMMIE LEE FRIEND, ANGEL SOTOMEYER,
LINCOLN GENERAL INSURANCE COMPANY,
JULIO CESAR VASQUEZ, ROCK-IT TRANSPORT,
ASSOCIATES INSURANCE COMPANY,
LARRY W. FRANCOIS, CANAL INSURANCE
COMPANY and CARRIBEAN TRUCK LINES,

      Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** came before the Court on Plaintiff's Motion to Remand (Doc. 6), filed on February 6, 2007. Plaintiff also requests an award of fees and costs. Having reviewed the submissions of the parties and the relevant law, I find that the case should be remanded and that the request for fees and costs should be denied.

**I.**     **Background.**

On July 11, 2006, Plaintiff filed suit in the Third Judicial District Court, County of Doña Ana, State of New Mexico, alleging that he was injured in a multi-vehicle collision involving tractor trailers on Interstate 10 as a result of Defendants' negligence. (Compl. ¶¶ 16-17.) Plaintiff seeks recovery for personal injury, lost wages and work disability, physical and mental pain and anguish, medical and healthcare expenses and "substantial other expenses and damages." (Compl. ¶¶ 19.)

Plaintiff is a resident of New Mexico (Compl. ¶ 1.)  The state court granted summary judgment in favor of John Allen, a New Mexico resident, on December 19, 2006. (Doc. 8, Ex. 33.)

The present Defendants are residents and citizens of states other than New Mexico. (Compl. ¶¶ 2-12.)

On January 18, 2007, Defendants removed this action based on diversity jurisdiction. *See* 28 U.S.C. §1332. On February 6, 2007, Plaintiff moved to remand on the ground that the amount in controversy does not satisfy the diversity jurisdiction statutory requisite of $75,000.

In support of his motion, Plaintiff states that he agreed to stipulate that the amount in controversy was less than $75,000, but he objected to the wording of the formal stipulation. Plaintiff requests an award of fees and costs incurred in connection with the motion to remand.

Defendants argue that removal was proper because the amount in controversy exceeds $75,000 and Plaintiff failed to formally stipulate to damages less than $75,000. Defendants maintain that fees and costs should not be awarded because removal was objectively reasonable.

Plaintiff submitted correspondence between counsel, dated September 13 and 20, 2006, establishing that the police report showed no injuries for Plaintiff and that damages consisted of "approximately $19,350 in down time and approximately $4,515 in meds for neck and back injuries." (Pl. Ex. A) On December 6, 2006, Plaintiff's counsel agreed that the Plaintiff did not seek more than $75,000 in damages. (Pl. Ex. B.) On December 7, 2006, Plaintiff's counsel stated "in plain English, Plaintiff is seeking less than $75,000 in full settlement of his claim." (Pl. Ex. C.) On January 10, 2007, defense counsel faxed a proposed stipulation of fact to Plaintiff's counsel and asked him to return it by January 12, 2007. (Pl. Ex. D.) Defense counsel stated that Defendants would proceed with removal if Plaintiff's counsel did not sign the stipulation by January 16, 2007. (*Id*.) Defendants removed the action on January 18, 2007.

**II.     Discussion.**

An action is removable only if the federal court would have original jurisdiction over the

matter. *See* 28 U.S.C. § 1441(a). For diversity jurisdiction to arise, there must be diversity of citizenship and the amount in controversy must exceed $75,000, exclusive of interest and costs. *See* 28 U.S.C. § 1332(a). Removal statutes are strictly construed, *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108 (1941), and there is a presumption against removal. *Laughlin v. K-Mart Corp.*, 50 F.3d 871, 874 (10th Cir.1995). In determining whether the amount in controversy requirement is met, the court may consider the substance and nature of the injuries and damages described in the pleadings. *Hanna v. Miller*, 163 F. Supp.2d 1302, 1306 (D.N.M. 2001).

The facts alleged in the Complaint are insufficient to establish that the amount in controversy exceeds $75,000, exclusive of interest and costs. The facts and admissions contained in correspondence between counsel confirms that the actual amount of compensatory damages falls below $75,000. Because the amount in controversy is less than $75,000, the motion to remand should be granted.

Plaintiff requests an award of attorney fees and costs on the ground that he stipulated the amount in controversy was less than $75,000 before the action was removed. The district court has discretion to require payment of just costs and actual expenses, including attorney fees, incurred as a result of the removal. *See* 28 U.S.C. §1447(c). "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, ___,126 S.Ct. 704, 711 (2005).

I find that the request for fees and costs should be denied. The Complaint was based on a multi-vehicle collision involving tractor-trailers on an interstate highway. The Complaint did not state an amount in controversy. The total amount of damages could have been significantly higher than $75,000. *See Hanna*, 163 F. Supp.2d at 1306. Plaintiff delayed in singing the formal

stipulation and was equivocal as to the wording of the stipulation. Under these circumstances, Defendants had an objectively reasonable basis for removing this case. Each party should bear its own costs.

**WHEREFORE,**

**IT IS ORDERED** that Plaintiff's Motion to Remand (Doc. 6), filed on February 6, 2007, is **GRANTED IN PART.**

**IT IS FURTHER ORDERED** that this matter is remanded to the Third Judicial District Court, County of Doña Ana, State of New Mexico.

**IT IS FURTHER ORDERED** that each party shall bear its own costs.

_____
**ROBERT C. BRACK**
**UNITED STATES DISTRICT JUDGE**